

Robert W. Whetzel
302-651-7634
Whetzel@RLF.com

April 7, 2021

**VIA CM/ECF**
The Honorable Colm F. Connolly
District Court of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, DE 19801-3555

      Re:    *Amgen Inc. et al. v. Hospira, Inc. et al.*, C.A. No. 20-201-CFC

Dear Judge Connolly:

      We write to clarify Plaintiffs' position regarding the issues discussed on the teleconference yesterday. The Court asked, "if I rule against you, this case is over. Right?" and Mr. Groombridge responded "That's correct, Your Honor." Tr. at 14:10-12. What Mr. Groombridge had in mind was a ruling by the Court on both literal infringement and the doctrine of equivalents. It is correct that the resolution of the proper construction of the '707 Patent term "between about 0.1M and about 1.0 M" may be dispositive. But the resolution of that claim construction is not itself a judgment on the merits as to all of Plaintiffs' infringement claims. Plaintiffs respectfully submit that if the Court were to adopt Defendants' proposed construction of that term, a judgment of no literal infringement may follow under that construction. However, it would also be necessary to address whether Plaintiffs can establish infringement under the doctrine of equivalents in light of the construction determined by the Court.

      In Plaintiffs' view and as proposed in the parties' joint letter (D.I. 68), if the Court adopts Defendants' proposed construction for the term "between about 0.1M and about 1.0M", Defendants would then have the opportunity to move for summary judgment of non-infringement following the Court's issuance of the claim construction order. And it is at that time that the parties would address whether there is infringement under the doctrine of equivalents, the availability of which is not foreclosed by the use of words of approximation such as "about" in the claimed range. *See, e.g.*, *Warner-Jenkinson Co., Inc. v. Hilton Davis Chemical Co.*, 520 U.S. 17, 32–33 (1997) (doctrine of equivalents can apply to the term "at a pH from

The Honorable Colm F. Connolly
April 7, 2021
Page 2

approximately 6.0 to 9.0"); *Pozen Inc. v. Par Pharm., Inc.*, 696 F.3d 1151, 1169–70 (Fed. Cir. 2012) (doctrine of equivalents can apply to "at least 90%, and preferably greater than 95%"; "this court has previously concluded that the doctrine of equivalents is not foreclosed with respect to claimed ranges"); *see also U.S. Philips Corp. v. Iwasaki Elec. Co.*, 505 F.3d 1371, 1378–80 (Fed. Cir. 2007) ("terms like 'approximately' serve only to expand the scope of literal infringement, not to enable application of the doctrine of equivalents"; "resort to the doctrine of equivalents is not foreclosed with respect to the claimed concentration range" and a finding of infringement of equivalents would not "vitiate the recited end points of the stated range").

\* \* \*

Should the Court wish to address this issue with the parties, Plaintiffs and Pfizer are available at the Court's convenience.

Respectfully,

*/s/ Robert W. Whetzel*

Robert W. Whetzel (#2288)

cc: Counsel of Record (via ECF & Email)